﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 200319-72320
DATE: July 31, 2020

ORDER

New and relevant evidence has not been received to readjudicate the claim for service connection for gallbladder cancer (primary).

New and relevant evidence has not been received to readjudicate the claim for service connection for pancreas cancer. 

REMANDED

Entitlement to service connection for liver cancer is remanded.

FINDINGS OF FACT

1. The evidence received after the November 2019 rating decision that denied service connection for gallbladder cancer is not new and relevant. 

2. The evidence received after the November 2019 rating decision that denied service connection for pancreas cancer is not new and relevant. 

CONCLUSIONS OF LAW

1. The criteria to readjudicate claim for service connection for gallbladder cancer have not been met. 38 U.S.C. §§ 501, 1110, 1131, 5103A(h), 5108; 38 C.F.R. §§ 3.303, 3.2501.

2. The criteria to readjudicate claim for service connection for pancreas cancer have not been met. 38 U.S.C. §§ 501, 1110, 1131, 5103A(h), 5108; 38 C.F.R. §§ 3.303, 3.2501.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from August 1976 to August 1980. 

These matters come before the Board of Veterans’ Appeals (Board) on appeal from a November 2019 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO). 

In this case, the claims for service connection for gallbladder cancer (primary), liver cancer, and pancreas cancer were originally denied by the agency of original jurisdiction (AOJ) in November 2019. The Veteran filed a supplemental claim in December 2019 which was denied in December 2019. The Veteran appealed to the Board in March 2020, requesting direct review of the December 2019 rating decision.

New and Relevant Evidence

Under the Appeals Modernization Act (AMA), in order to readjudicate a previously disallowed claim, new and relevant evidence must be received.

VA regulations provide that a claimant who disagrees with a prior VA decision may file a supplemental claim any time after the AOJ issues notice of a decision, regardless of whether the claim is pending or has become finally adjudicated. See 38 C.F.R. § 3.2501. If new and relevant evidence is presented or secured with respect to the supplemental claim, the AOJ will readjudicate the claim taking into consideration all of the evidence of record. If new and relevant evidence is not presented or secured, the AOJ will issue a decision finding that there was insufficient evidence to readjudicate the claim. In determining whether new and relevant evidence is presented or secured, VA will consider any VA treatment records reasonably identified by the claimant and any evidence received by VA after VA issued notice of a decision on the claim and while the evidentiary record was closed. Id. 

The new and relevant standard will not impose a higher evidentiary threshold than the previous new and material evidence standard under § 3.156 (a). See 38 C.F.R. § 3.2501. New evidence is evidence not previously part of the actual record before agency adjudicators. Relevant evidence is information that tends to prove or disprove a matter at issue in a claim. Relevant evidence includes evidence that raises a theory of entitlement that was not previously addressed. For VA to readjudicate the claim, the evidentiary record must include new and relevant evidence that was not of record as of the date of notice of the prior decision. Upon receipt of a substantially complete supplemental claim, VA’s duty to assist in the gathering of evidence under § 3.159 of this part is triggered and includes any such assistance that may help secure new and relevant evidence as defined in paragraph (a) of 38 C.F.R. § 3.2501 to complete the supplemental claim application. Id. 

1. New and relevant evidence has not been received to readjudicate the claim for service connection for gallbladder cancer (primary).

For the reasons explained below, the Board finds that new and relevant evidence was not received and readjudication is not warranted for the claim for service connection for gallbladder cancer (primary). 

At the time of the November 2019 rating decision, the AOJ denied the claim for service connection because it determined that there was no evidence that the Veteran’s gallbladder cancer (primary) was due to service at Camp LeJeune or that the primary gallbladder cancer was incurred in or caused by service. The AOJ identified a favorable finding that the Veteran was exposed to contaminated water while in service at Camp LeJeune and that the Veteran served at Camp LeJeune for the minimum amount of time required in order to be presumed to have been exposed to contaminated water. 

Since the November 2019 rating decision, the Veteran submitted VA treatment records and his DD-214 indicating that the Veteran continues to have a current disability and providing proof that he was at Camp LeJeune. The Board finds that these records are duplicative or cumulative of the evidence of record at the time of the November 2019 rating decision. None of the additional medical treatment records indicate a relationship between the Veteran’s exposure to contaminated water during service and his current gallbladder cancer. The Board finds that the evidence does not tend to prove or disprove the claim and is therefore, not relevant. 

As new and relevant evidence was not received prior to the November 2019 rating decision, readjudication of the claim for service connection for gallbladder cancer is not warranted. 

2. New and relevant evidence has not been received to readjudicate the claim for service connection for pancreas cancer. 

For the reasons explained below, the Board finds that new and relevant evidence was not received and readjudication is not warranted for the claim for service cancer for pancreas cancer. 

At the time of the November 2019 rating decision, the AOJ denied the claim for service connection because the evidence shows that the Veteran does not have a current diagnosis of pancreas cancer. The AOJ identified a favorable finding that the Veteran was exposed to contaminated water while in service at Camp LeJeune and that the Veteran served at Camp LeJeune for the minimum amount of time required in order to be presumed to have been exposed to contaminated water.

Since the November 2019 rating decision, the Veteran submitted VA treatment records and his DD-214 indicating proof that he was at Camp LeJeune. The Board finds that these records are duplicative or cumulative of the evidence of record at the time of the November 2019 rating decision. None of the additional medical treatment records provide a diagnosis of a current disability for pancreas cancer. The Board finds that the evidence does not tend to prove or disprove the claim and is therefore, not relevant. 

As new and relevant evidence was not received prior to the November 2019 rating decision, readjudication of the claim for service connection for pancreas cancer is not warranted.

REASONS FOR REMAND

1. Entitlement to service connection for liver cancer is remanded.

After carefully considering this matter, and for reasons expressed immediately below, the Board finds that this case must be remanded for further development. The Board sincerely regrets the delay associated with this remand but finds that a remand is necessary to ensure that the Veteran is accorded full compliance with VA’s statutory duty to assist.

In a November 2019 VA examination, the examiner provided a negative opinion based on two clinical records which references a “suspicious primary gallbladder cancer” and “favor gallbladder primary with hepatic invasion.” The Board finds that these two opinions are not probative as they do not include any rationale to support the determination. As a result, notwithstanding the Veteran’s service at Camp Lejeune and his post-service liver cancer diagnosis, the AOJ denied the Veteran’s claim on the grounds that the Veteran’s liver was not the initial site of the cancer.

As such, the Board finds that a remand is necessary to afford the Veteran a VA examination and to obtain an etiological opinion that addresses whether his diagnosed liver cancer is a primary cancer or is secondary from the gallbladder cancer. This is a pre-decisional duty to assist error. 

Further, the nexus opinion the Veteran submitted from his private medical provider, Dr. L.R., M.D., linked his currently diagnosed liver cancer to his military service exposure to contaminated water at Camp LeJeune. However, Dr. L.R.’s opinion provided no rationale other than citing to the definition of liver cancer. The Veteran should be provided a chance to contact the private physician and request that a rationale be provided for why it was determined that the Veteran's liver cancer was linked to active duty. 

The matters are REMANDED for the following action:

1. Obtain any outstanding VA and private treatment records and associate them with the claims file to the extent possible.

2. Give the Veteran the opportunity to that Dr. L.R., M.D. prepare an addendum to his opinion which provides a rationale for why it was determined that liver cancer was linked to active duty to include exposure to contaminated water at Camp LeJeune.

3. Schedule the Veteran for a VA examination with an appropriate medical professional to determine the nature and etiology of the claimed liver cancer. The claims file, including this remand, should be reviewed by the examiner. All indicated studies, tests and evaluations deemed necessary by the examiner should be performed and the results of such must be included in the examination report.

After reviewing the claims file, the examiner should provide an opinion addressing the following: 

(a.) Is it at least as likely as not (50 percent probability or more) that the liver was the primary site of the Veteran’s cancer and or a separate area of cancer distinct from the gallbladder?

(b.) Is it at least as likely as not (50 percent probability or more) that the liver cancer was caused by or aggravated by the Veteran’s presumed exposure to contaminated water at Camp Lejeune during his military service? 

The examiner should provide a complete rationale thoroughly explaining the medical reasons for his or her conclusions.

 

 

G. A. WASIK

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board D. Hughes

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.